**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MICHELLE BILLIOT**                                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:21-cv-81-TBM-RPM**

**GEICO INSURANCE AGENCY, INC**                                        **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case concerns a claim for damages by Michelle Billiot against GEICO deriving out of a hit-and-run accident. [25-1]. GEICO provided Billiot an insurance policy that included uninsured motorists coverage. [25-2] pg. 14. For coverage in a hit-and-run accident, the insured is required to "report the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles." [25-2] pp. 14–15.  GEICO denied Billiot coverage because she did not report the accident as required. The applicable language is a condition precedent to coverage.  As it is undisputed that Billiot did not report the accident to the police or other appropriate official, summary judgment is granted.

**I. BACKGROUND**

Billiot obtained automobile insurance through GEICO. Her insurance policy required her to notify the police or another appropriate public official within 24 hours of an accident. On September 27, 2020, Billiot was struck by a hit-and-run vehicle. Billiot notified GEICO on September 30, 2020, but she did not notify any law enforcement agency or other public official at any time. GEICO denied Billiot's coverage claim for this reason. GEICO now moves for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The Court must find all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citation omitted).

"Because this case is before the Court through diversity jurisdiction, the Court must apply Mississippi state law as interpreted by the Mississippi Supreme Court." *Coleman v. Nissan North Am.*, No. 3:19-cv-533-CWR, 2020 WL 5237760, at *2 (S.D. Miss. Sep. 2, 2020) (citing *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011)). Where the State's highest court has not spoken on the direct question, federal courts are required to make an "*Erie* guess and determine, how [the States' highest court] would resolve the issue if presented with the same case." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed 1188 (1938); *McGlothin v. State Farm Mut. Ins. Co.*, 925 F.3d 741, 745 (5th Cir. 2019) (citing *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013)

(internal quotations and citations omitted). The Mississippi Supreme Court has not addressed whether the 24 hour report requirement in GEICO's policy is a condition precedent to coverage.

## III. DISCUSSION AND ANALYSIS

### A. Notification Requirement

"Under Mississippi law, insurance policies are interpreted according to contract law." *Am. States Ins. Co. v. Nethery*, 79 F.3d 473, 475 (5th Cir. 1996) (citing *Aero Intern. Inc. v. U.S. Fire Ins. Co.*, 713 F.2d. 1106 (5th Cir. 1983) (applying Mississippi law)). "When a contract is clear and unambiguous to its wording, its meaning and effect are matters of law." *St. Paul Fire & Marine Ins. Co. v. Renegade Super Grafix, Inc.*, 209 F. Supp. 3d 895 (S.D. Miss. 2016) (citing *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 717 (Miss. 2004)). While ambiguities in an insurance contract are to be construed against the insurer, a clear and unambiguous contract will be enforced as written. *Renegade Super Grafix, Inc.*, 209 F. Supp. 3d at 904. In reviewing a policy, terms should be understood in their "plain, ordinary, and popular sense rather than in a philosophical or scientific sense." *Id.* (citing *Blackledge v. Omega Ins. Co.*, 740 So. 2d 295, 298 (Miss. 1999)).

Under Part IV of GEICO's Uninsured Motorists Coverage Policy, the "Definitions" subdivision reads:

> *[H]it-and-run motor vehicle* is a motor vehicle causing *bodily injury* to an *insured* or *property damage* through physical contact with him or with an auto he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *insured* or someone on his behalf:
>> (a) Reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles.

[25-2]. pg. 14. (Emphasis included in policy). Also, under the same Part IV of GEICO's Uninsured Motorists Coverage Policy, the "Losses We Pay" subdivision states:

> Under the Uninsured Motorists Coverage we will pay for *bodily injury* caused by accident which the *insured* is legally entitled to recover from the owner or operator

3

of an ***uninsured motor vehicle*** or ***hit-and-run motor vehicle*** arising out of the ownership, maintenance or use of that vehicle.

We will pay for ***property damage,*** caused by an accident, which the ***insured*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** or a ***hit-and-run motor vehicle*** arising out of the ownership, maintenance or use of that vehicle.

[25-2]. pg. 15. (Emphasis included in policy).

According to Billiot, the notification requirement within the policy is inapplicable because it is within the "Definitions" subdivision not under the "Exclusions" subdivision. [28]. But Billiot cites to no case law for this proposition. Instead, "[t]he policy is to be considered as a whole, giving weight to all relevant portions and, whenever possible, giving 'operable effect to every provision in order to reach a reasonable overall result.'" *Farmers Ins. Exchange v. Sheffield*, No. 1:16-cv-134-SA, 2017 WL 3879086, at *2 (N.D. Miss. Sep. 5, 2017) (citing *Progressive Gulf Ins. Co. v. We Care Day Care Center, Inc.*, 953 So. 2d 250, 253 (Miss. Ct. App. 2006) (citing *J & W Foods Corp. v. State Farm Mut. Auto Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998)).

When the "Losses We Pay" subdivision is read in conjunction with the full definition of "***hit-and-run motor vehicle***," Billiot fails to fulfill the condition precedent for coverage by not reporting the accident to a police, peace or judicial officer. [25-2], pp. 14–15; [25]. Within the Policy's "Definitions" subdivision, "***hit-and-run motor vehicle***" is italicized and bolded. Likewise, it is italicized and bolded when referenced in the "Losses We Pay" subdivision, further indicating that the notice requirement is intended to be a part of the "Losses We Pay" subdivision.

The overwhelming authority supports GEICO's interpretation as well. For example, in a *per curiam* and unreported opinion interpreting Texas law, the Fifth Circuit affirmed granting summary judgment in favor of State Farm on a nearly identical issue. *Fuller v. State Farm Mut. Ins. Co.*, 141 F.3d 1165 (5th Cir. 1998). The Fifth Circuit recognized that the policy required the insured

to "promptly notify the police if a hit-and-run driver is involved," and Fuller failed to report the accident. *Fuller*, 141 F.3d at 1165 ("The provision of the insurance policy requiring Fuller promptly to give notice to the police after any accident with a hit-and-run driver is a condition precedent for coverage."). Because the plaintiff never reported the accident to the police, she did not meet the condition precedent to recovery under the uninsured motorists provision. *Id.* While it is a *per curiam* and unreported opinion, there are numerous other opinions from courts that have reached similar holdings.[1] And Billiot provides no authority to the contrary.

Billiot further claims that the uninsured motorists coverage definition of a hit-and-run motor vehicle should not be considered as an exclusion in her GEICO Policy. Billiot contends that the 24 hour provision of the Policy conflicts with the Mississippi Uninsured Motorists Act. MISS. CODE ANN. § 83-11-101(2). The portion of the Uninsured Motorists Statute that Billiot alleges to be in conflict states the following:

> No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1980, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for property damage . . .

MISS. CODE ANN. § 83-11-101(2).

---

[1] *See Dean v. State Farm Mut. Ins. Co.*, 232 F.3d 900, 2000 WL 1629983 (10th Cir. 2000) (finding that the insured failed to notify the police within twenty-four hours or as soon as reasonably possible); *Metropolitan Direct Proper. & Cas. Ins. Co. v. Farmer*, 2019 WL 3412909, no. 5:17-cv-40-KKC, (E.D. Ky. Jul. 29, 2019) (granting summary judgment where plaintiff did not report the accident within 24 hours which was a condition precedent to coverage); *State Farm County Mut. Ins. Co. of Texas v. Landers*, 520 S.W. 2d 604 (Tex. Civ. App. 1975) (same); *Dailey v. State Farm Mut. Auto. Ins. Co.*, 270 So. 3d 274, 277 (Ala. Civ. App. 2018) (same); *Hoffman v. Great Am. All. Ins. Co.*, 601 S.E. 2d 908, 912-14 (N.C. Ct. App. 2004) (same); *O'Neal v. State Farm Mut. Auto. Ins. Co.*, 243 Ga. App. 756 (Ga. Ct. App. 2000) (same); *McKay v. Highlands Ins. Co.*, 287 So. 2d 393, 395 (Fla. Dist. Ct. App. 1974) (same); *Owens v. The Travelers Ins. Co.*, 450 Pa. Super. 242 (Pa. Super. Ct. 1996) (reversing order and granting summary judgment where plaintiff failed to report the accident to the police or proper governmental authority); *United States Fire Ins. Co. v. Williams*, 166 A.D. 2d 538 (N.Y. App. Div. 1990) (finding that insured "failed to promptly report the accident to the police").

Billiot alleges that the Uninsured Motorists statute provides more coverage than what an insurance policy does. According to Billiot, an insurer cannot unlawfully limit, restrict or reduce the coverage requirements of the Uninsured Motorists statute by inserting restrictive language. But the language that Billiot cites to in the statute merely requires an insurer to pay an insured all sums that the insured is entitled to receive. The GEICO Policy does not unlawfully restrict coverage.  Further, another Mississippi statute requires the driver of a vehicle involved in an accident with $500 or more in damages to "immediately, *by the quickest means of communication*, give notice of the collision to the local police department . . . sheriff's office or highway patrol station." MISS. CODE ANN. § 63-3-411(1). (Emphasis added). This is further evidence that in reading the applicable statutes together, the argument that the insurance policy conflicts with the Uninsured Motorists Statute fails. Billiot did not report the accident to the police or another official and likewise did not fulfill the condition precedent for coverage.

## B. Prejudice

Because Billiot concedes that the notice provision was considered a condition precedent to coverage the court need not reach the prejudice issue. Courts have found that an insurer is not required to demonstrate actual prejudice where the notice clause is considered a "condition precedent" to coverage. *See Bolivar Cnty Bd. of Supervisors v. Forum Ins. Co.*, 779 F.2d 1081 (5th Cir. 1986) (interpreting a different type of notice clause and applying Mississippi law); *West v. Bankers and Shippers Ins. Co. of New York*, 643 F. Supp. 992 (N.D. Miss. 1986), judgment aff'd, 814 F.2d 657 (5th Cir. 1987); *Fuller v. State Farm Mut. Ins. Co.*, 141 F.3d 1165 (5th Cir. 1998); *Farmers Ins. Exch. v. Sheffield*, No. 1:16-cv-134-SA, 2017 WL 3879086, at *4 (N.D. Miss. Sep. 5, 2017). Further, in the *Fuller v. State Farm Mutual Insurance Company* case that is discussed above, the

Fifth Circuit does not address prejudice in its *per curiam* and unreported opinion. *Fuller*, 141 F.3d 1165 (5th Cir. 1998).

The GEICO Policy requires that the insured report the accident to the appropriate government official within 24 hours. [25-2]. pp. 14–15. Billiot did not fulfill her obligation. Therefore, she did not perform the condition precedent required under the GEICO Policy for Uninsured Motorists Coverage, and the breach voids policy coverage. *SingleEntry.com, Inc. v. St. Paul Fire & Marine Ins. Co.*, 117 App'x 933, 936 (5th Cir. 2004) (holding that the breach of a condition precedent voids policy coverage).

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED AND ADJUDGED** that Defendant GEICO's Motion for Summary Judgment [25] is **GRANTED.** This **CASE** is **CLOSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the pending Motions in Limine [34], [35] are **MOOT**.

**SO ORDERED AND ADJUDGED**, this the 27th day of April 2022.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE